Stephens v. Stephens 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-268-CV

     DOROTHY J. STEPHENS,
                                                                                              Appellant
     v.

     DENNIS D. STEPHENS,
                                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # H-62-92
                                                                                                    

O P I N I O N
                                                                                                    

      We must decide in this probate case whether the trial judge abused his discretion by refusing
to impose a constructive trust on estate property to enforce an earlier contractual will. Because
we find that the judge did not act arbitrarily or unreasonably, given the unique facts, we will
affirm the judgment.
FACTUAL BACKGROUND
      Cyril C. Stephens and Dorothy Jane Stephens were married on December 18, 1971. They
made a joint and contractual will on July 9, 1986, and Cyril signed a codicil dated August 12,
1987. Cyril made a new will on January 27, 1992, filed for divorce on February 3, and died on
June 8.
      The contractual will acknowledged that each of the parties had been previously married,
named their respective children, and declared that all of the property that they owned was
community property. Among its other provisions, the will gave all of the property to the survivor
of Cyril and Dorothy partly as a life estate and partly in fee. At the death of the survivor, all
property would pass to his three children and her three children, equally. The 1987 codicil only
provided for payment of a debt out of life insurance proceeds. The 1992 will named one of Cyril's
children, Dennis D. Stephens, as executor and divided his property equally among his three
children.
PROCEDURAL BACKGROUND
      Dorothy filed an application to probate the contractual will in the County Court of Hamilton
County. She also alleged that Cyril had made the codicil and the 1992 will, but asked the court
to probate only the 1986 will. Dennis filed a contest to the probate of the earlier will and an
application to probate the 1992 will. The County Court transferred the case to the District Court
of Hamilton County under section 5b of the Probate Code. See Tex. Prob. Code Ann. § 5b
(Vernon Supp. 1994). Dorothy conceded that the 1992 will was entitled to probate but asked the
court to enforce the contract by specific performance and to impose a constructive trust on Cyril's
estate to carry out the terms of the 1986 contract. She relies on the Texas decisions of Pullen v.
Russ, 209 S.W.2d 630, 634 (Tex. Civ. App.—Amarillo 1948, writ ref'd n.r.e.) ("Courts of
equity, considering that done which ought to be done, would enforce the original contract by
impressing a trust on the property received under the last will in favor of the original promisee"),
and Estate of Johnson, 781 S.W.2d 390, 394 (Tex. App.—Houston [1st Dist.] 1989, writ denied)
("If the same document contains both the will and the contract, it is the contractual portion of the
will that is irrevocable, not the will itself"). The District Court admitted the 1992 will to probate
and denied Dorothy's request for a constructive trust.
      The parties stipulated, and the court found, that the pleadings and allegations made in the
divorce suit were true


 and that, but for Cyril's death, the marriage would have been dissolved. 
The court further found that Dorothy had actual knowledge that Cyril had made the 1992 will, that
she had not changed her position in reliance on the 1986 will, and that each party's divorce
pleadings alleged the existence of separate property belonging to that party. The court concluded
that the 1986 will was contractual in nature, that the consideration for the contract failed, that
execution of the 1992 will did not constitute a fraud on Dorothy, and that the court's judgment
"produces the result sought by both CYRIL and DOROTHY by their suits for dissolution of their
marriage, for the reason that had such marriage ended in divorce, the provisions of Section 69,
Texas Probate Code, would have voided all bequests made in the 1986 will by each to the other."
      Dorothy brings two points of error. First, she asserts that the court erred in failing to impose
a constructive trust on the property passing under Cyril's 1992 will. Second, she asserts that the
evidence is legally and factually insufficient to support the court's finding that Dorothy had actual
knowledge of the making of the 1992 will.
STANDARD OF REVIEW
      Appellate review of a trial court's act in a matter entrusted to its discretion is governed by
whether the court abused that discretion. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984);
United Beef Producers, Inc. v. Lookingbill, 532 S.W.2d 958, 959 (Tex. 1976). An appellate
judge cannot substitute his discretion for that of the trial judge. Jones v. Strayhorn, 159 Tex. 421,
321 S.W.2d 290, 295 (1959). Stated somewhat differently, a court of appeals may not reverse for
abuse of discretion merely because it disagrees with a decision by the trial court, if that decision
was within the trial court's discretionary authority. Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). The determination of whether a court abused its discretion is a question
of law. Jackson v. Van Winkle, 660 S.W.2d 807, 810 (Tex. 1983).
      A court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992) (orig. proceeding). Thus, with respect to the resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for
that of the trial court. Id. The complaining party must establish that the trial court could
reasonably have reached only one decision. Id. at 840. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. However, review of a trial court's determination of the legal
principles controlling its ruling is much less deferential. Id. A trial court has no "discretion" in
determining what the law is or in applying the law to the facts. Id. Thus, a clear failure by the
trial court to analyze or apply the law correctly will constitute an abuse of discretion. Id.
LEGAL PRINCIPLES
      The making of contractual wills is governed by section 59A of the Probate Code, which states:
(a) A contract to make a will or devise or not to revoke a will or devise, if executed or 
entered into on or after September 1, 1979, can be established only by provisions of a will
stating that a contract does exist and stating the material provisions of the contract.
 
(b) The execution of a joint will or reciprocal wills does not by itself suffice as evidence of
the existence of a contract.

Tex. Prob. Code Ann. § 59A (Vernon 1980).
      Making a contractual will does not take away the right of either party to revoke it. Magids
v. American Title Ins. Co., 473 S.W.2d 460, 464 (Tex. 1971); see also Freeman v. Freeman, 569
S.W.2d 626, 628 (Tex. Civ. App.—Eastland 1978, no writ). Contracts of this nature are reviewed
by the courts with caution. Magids, 473 S.W.2d at 464. They can be established only by full and
satisfactory proof. Id. No presumptions or inferences will be indulged. Id. 
      The imposition of a constructive trust is an equitable remedy. Bocanegra v. Aetna Life Ins.
Co., 605 S.W.2d 848, 851 (Tex. 1980); Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401,
408 (1960); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93, 97 (1954). Generally, a court has
discretion in deciding whether to grant an equitable remedy. Estate of Pollack, 858 S.W.2d 388,
390 (Tex. 1993); Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987). We recognize that the
court's discretion is not unbridled, but should be exercised with reference to guiding rules and
principles. Estate of Pollock, 858 S.W.2d at 390.
      A decision based on equitable principles involves asking, "Which decision is more equitable?" 
English v. Jones, 154 Tex. 132, 274 S.W.2d 666, 669 (1955). The party seeking equitable relief
must bring the case within the rule that the relief sought will not operate inequitably to the
opposing party. Kress v. Soules, 152 Tex. 595, 261 S.W.2d 703, 704 (1953).
 
APPLICATION OF STANDARD OF REVIEW
      This is not a case in which one of the parties to a contractual will has died and the other party,
having received benefits under the contractual will, sought to change it. See, e.g., Kirk v. Beard,
162 Tex. 144, 345 S.W.2d 267 (1961). Here, Cyril changed his will in anticipation of divorce. 
The question is whether the property passing under the 1992 will must be subjected to a
constructive trust to carry out the contract established in the 1986 will.
      We turn to the method of appellate review of abuse-of-discretion claims set forth by Justice
Powers in Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 934-41 (Tex. App.—Austin
1987, no writ). First we ask, was the determination complained of on appeal a matter committed
by law to the trial court's discretion? See id. at 937-38. As we have seen, the imposition of a
constructive trust to enforce a contractual will is an equitable remedy, and the question of whether
to grant an equitable remedy lies within the discretion of the trial judge. See Estate of Pollack,
858 S.W.2d at 390; Bocanegra, 605 S.W.2d at 851. 
      Second, did the trial court, in making the determination complained of on appeal, recognize
and purport to act in an exercise of the discretion committed to it by law? See Landon, 724
S.W.2d at 938. The record shows that the court considered arguments from the parties about
whether a constructive trust—an equitable remedy lying within the court's discretion—should be
imposed on the property passing under the 1992 will. 
      Third, does the appellate record reveal sufficient facts upon which the trial court could act
rationally in an exercise of its discretion. See id. Yes, the record is fully developed with the
wills, the divorce pleadings, the stipulations of the parties, the findings of fact and conclusions of
law, and the trial briefs and arguments. We find that the court had a sufficient factual basis upon
which to balance the equities between the parties in making a rational decision concerning the
imposition of a constructive trust. 
      Fourth, did the court erroneously exercise the discretion committed to it by law? See id. at
939. The range of choices permitted by law was to impose a constructive trust or not to impose
a constructive trust. As we have shown, authority exists to support the proposition that a party
seeking equitable relief must show that the relief sought will not operate inequitably to the
opposing party. See Kress, 261 S.W.2d at 704. We believe that the court could have determined
that placing Cyril's estate in Dorothy's hands at this time—given the fact that the contractual will
treated all property as community property whereas both Cyril and Dorothy were alleging
ownership of separate property in their divorce pleadings—would result in an inequity to Cyril's
children. Thus, the court's decision was not unreasonable in the factual-legal context in which it
was made. See Landon, 724 S.W.2d at 939.
      Because we do not find that the trial court committed legal error in reaching its decision, we
do not reach the final inquiry, i.e., whether the error is of such a magnitude as to require reversal. 
See id. at 941.
      The facts of this case are unique, and our holding is limited to them. Weighing heavily in our
decision is the stipulation of the parties and the court's finding that, but for Cyril's untimely death,
he and Dorothy would have pursued the divorce action to its logical conclusion—a dissolution of
their marriage. In such event, the Probate Code would have voided all bequests made by Cyril
to Dorothy. See Tex. Prob. Code Ann. § 69. It is thus undisputed that the legitimate ends of
the marriage relationship had, as of the time of Cyril's death, been destroyed. The court's
consideration of the divorce as an accomplished fact follows the equitable maxim "equity will treat
as done that which by agreement is to be done." See Hicks v. Morris, 57 Tex. 658, 662 (1882);
see also Heritage Housing Corp. v. Ferguson, 674 S.W.2d 363, 365-66 (Tex. App.—Dallas 1984,
writ ref'd n.r.e.) (citing Johnson v. Downing and Wooten Const. Co., 480 S.W.2d 254, 258 (Tex.
Civ. App.—Houston [14th Dist.] 1972, no writ) for the maxim "equity looks upon things agreed
to be done as actually performed").
CONCLUSION
      Having determined that the trial judge did not abuse his discretion in refusing to impose a
constructive trust, we overrule point one. We do not reach point two because our analysis does
not depend upon whether Dorothy knew that Cyril had made the 1992 will. We affirm the
judgment.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 20, 1994
Publish