Margery MEYER, Marilyn Wheeless, and Michael DeMan, Appellants,

v.

Charles Waco SHELLEY, Appellee.

No. 07–99–0470–CV.

Court of Appeals of Texas, Amarillo.

Nov. 9, 2000.

John S. Morgan, Joseph C. "Lum" Hawthorn, Beaumont, for appellant.

David B. Gaultney, Elizabeth C. Turley, Mehaffy & Weber, P.C., Beaumont, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

BRIAN QUINN, Justice.

Margery Meyer, Marilyn Wheeless, and Michael DeMan (collectively referred to as the Meyers) appeal from an order 1) concluding that the Meyers failed to allege a viable cause of action and 2) dismissing the cause. Although they proffer two points of error, each is effectively a restatement of the other. That is, through both, the Meyers assert that the court erred in dismissing their suit because they did state viable causes of action. We reverse in part and affirm in part.

### Background

The appeal arises from a dispute regarding whether Charles Waco Shelley (Waco) was improperly disposing of property in violation of a joint and mutual or contractual will. According to the Meyers' live pleadings, Waco and his wife Mildred executed, and failed to revoke, such a will prior to the death of Mildred in 1997.[1]

---

1. The will itself is not a part of the record before us. Instead, the Meyers simply quote

Furthermore, the Meyers were purportedly named as beneficiaries under same. However, since the death of Mildred, Waco has endeavored to frustrate the purpose of the document, according to the Meyers, by executing a new will and dissipating all the assets subject to the contractual will. In view of this conduct, the Meyers sued Waco.

The causes of action mentioned in their pleading were several and they sounded in 1) a request for a declaratory judgment, 2) breach of contract, 3) negligence, 4) gross negligence, 5) intentional infliction of emotional distress, and 6) constructive fraud. Underlying each was the allegation that Waco's action in executing the new will and dissipating the assets of the estate injured the Meyers. In response, Waco contended that each cause was premature and, thus, the pleadings failed to state a viable cause of action. The trial court agreed and entered the aforementioned order dismissing the suit.[2]

### Standard of Review

■■■ Whether a trial court erred in dismissing a petition for failing to state a cause of action involves a question of law. *The Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex. App.—Austin 1999, no pet.). Thus, we are not obligated to defer to the trial court's decision. And, in determining whether error occurred, we peruse the live petition, construe it liberally, and accept as true not only all factual allegations stated therein but also all facts which can reasonably be inferred therefrom. *Id.; Cole v. Hall*, 864

S.W.2d 563, 566–67 (Tex.App.—Dallas 1993, no writ).[3]

### Application of Standard

As previously mentioned, Waco contended that the causes of action were premature. The trial court agreed and dismissed the suit. Whether it was correct in doing so warrants a brief discussion on the nature of contractual wills.

■■■ Contractual wills are more than mere wills. That is, they represent not only a proposed testamentary disposition of property inherent in a will but also a contract between the testators. *See Magids v. American Title Ins. Co.*, 473 S.W.2d 460, 464 (Tex.1971) (discussing this duality); *Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621, 624 (1957) (stating that at the heart of a mutual will lies a contract of the parties). Pursuant to that portion of the will that manifests the contract, the testators agree to a particular disposition of property once both die. Moreover, upon the death of one of the two, the bargain or agreement becomes irrevocable. *Id.* That is, the survivor cannot change the agreement and dispose of the property subject to the agreement in a different manner. *Id.* Yet, that does not mean that the survivor cannot revoke the will. Quite the contrary, he may do so given the ambulatory nature of the instrument. *Id.; accord, Tips v. Yancey*, 431 S.W.2d 763, 765 (Tex.1968) (recognizing that the surviving testator may technically revoke the mutual and joint will after the death of one testator); *Stephens v. Stephens*, 877 S.W.2d 801, 804 (Tex.App.—

---

two provisions of it in their petition. Those provisions supposedly deal with the intent of Waco and Mildred to make a contractual will and the property subject to the agreement. We are left to speculate about the other provisions, if any.

2. Initially, Waco filed special exceptions to the Meyers' original petition. Same were granted, and the Meyers were afforded opportunity to amend their pleading and assert viable claims. Amendment and supplementation was attempted, however, the causes of

action asserted in their amended and supplemental pleadings remained premature, according to the court. The latter, at that point, dismissed the suit.

3. Waco argues that the Meyers waived error because they did not challenge the decision granting his special exceptions. The tenor of the Meyers' brief reveals otherwise. Regardless of the labels attached to their points of error, they attack on appeal the trial court's decisions not only upholding the special exceptions but also dismissing the suit.

Waco 1994, writ denied) (stating that making a contractual will does not deprive the parties of the right to revoke it); *Knesek v. Witte*, 715 S.W.2d 192, 198 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (stating the same). What the survivor cannot do is change the ultimate disposition of the property subject to the prior agreement. In other words, while he may have the right to revoke the old will and try to alter the disposition, the latter would nonetheless be controlled by the terms of the contract between the original testators. *Knesek v. Witte*, 715 S.W.2d at 198. Furthermore, the beneficiaries of that contract have a cause of action through which to enforce their rights under that agreement. *Tips v. Yancey*, 431 S.W.2d at 765; *Weidner v. Crowther*, 301 S.W.2d at 625. With this said, we turn to the issues at hand.

### a. Breach of Contract

■ It is alleged that Waco and Mildred executed mutual, contractual wills. The Meyers further averred that, under those wills, each agreed to "give, devise and bequeath" his or her "estate and property, absolutely and forever, share and share alike, as follows: one half to be divided ... equally among my children and one half ... to be divided equally between [my spouse's] children." So too did they posit that by executing a new will after Mildred's death, naming his own children as the sole beneficiaries of his estate, and dissipating assets of the estate during his life, Waco purportedly breached the aforementioned covenant which, in turn, entitled them to sue. We disagree.

■ It has been a rule of our jurisprudence that a will speaks at the time of the testator's death and the estate *then*

*possessed* is the estate that passes in accordance with the will. *Shriner's Hosp. v. Stahl*, 610 S.W.2d 147, 150 (Tex.1981); *Dickson v. Dickson*, 993 S.W.2d 735, 740 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Given this, we must conclude that the property referred to in the will provision we quoted above contemplated the property owned by the testators at the time of their death. In other words, and assuming *arguendo* that the will is indeed contractual, the property in which the Meyers are entitled to receive an interest is the property of Waco at the time of his death. Since he has not died, the Meyers can hardly prove what property he owned at the time of his death. And, since they cannot prove that, they can hardly prove that he breached any covenant to give them a percentage of the property he owned at his death.[4] This conclusion further comports with precedent holding that one cannot sue for an alleged breach of a contractual will until the surviving testator dies without performing as obligated. *Weidner v. Crowther*, 291 S.W.2d 472, 477 (Tex.Civ.App.—Austin 1956), *aff'd* 157 Tex. 240, 301 S.W.2d 621 (1957); *Richardson v. Lingo*, 274 S.W.2d 883, 885 (Tex.Civ. App.—Galveston 1955, writ ref'd n.r.e.).

■ Simply put, only upon the death of the last survivor can it be determined if he or she breached the contract. *Id.* Since the last survivor remains alive, according to the Meyers pleadings, their claim for breached contract was and is premature. Similar logic would also pretermit the claim of anticipatory repudiation averred by the Meyers. Such repudiation occurs when the party, by unconditional words or action, refuses to perform his obligation prior to the time performance is due.

4. Incidentally, the Meyers did not allege in their pleadings that the will contained a provision denying Waco complete discretion to dispose of his property or that, if any, inherited from Mildred prior to his death. Nor can it be said that the concept of a contractual will, in and of itself, does so for the concept merely addresses how property is to be disposed once all the testators die. Should the testators intend to restrict the ability of the survivor to dispose of property inter vivos then they must expressly say so in the will. And, whether such a provision would be enforceable or even result in a contractual will is something we do not address.

*Costley v. State Farm Fire & Cas. Co.,* 894 S.W.2d 380, 385–86 (Tex.App.— Amarillo 1994, writ denied). Yet, before any cause of action can accrue, the potential plaintiff must suffer harm. *Hill v. Heritage Resources, Inc.,* 964 S.W.2d 89, 116 (Tex.App.—El Paso 1997, pet. denied). As discussed above, nothing in the Meyers' pleadings indicates that the will at bar restricted Waco's ability to alienate his property inter vivos. Given this, we cannot but presume that he was and is free to dispose of all of it before death and, according to the pleadings, he is doing just that.

Next, since the purported contract obligated Waco to give the Meyers an interest in his property at his death (as concluded above) and Waco remains alive, there is no way to determine whether the Meyers suffered harm until Waco dies while owning property in which they are denied the type of interest supposedly mandated by the will. In other words, any harm which the Meyers may suffer because of any anticipatory breach can arise only upon Waco's death. Since the Meyers averred in their amended petition that he has yet to die, this cause of action too was and is premature, and the trial court did not err in dismissing it.

### b. Causes Sounding in Tort

■ The Meyers also invoked theories sounding in tort such as negligence, gross negligence, intentional infliction of emotional distress, and constructive fraud. Elemental to each cause is the existence of a duty (arising independent of any contract or contractual theory) which has been breached. *Moore v. Collins,* 897 S.W.2d 496, 501 (Tex.App.—Houston [1st. Dist.] 1995, no writ); *see Lewis v. Exxon Co.,* 786 S.W.2d 724, 732 (Tex.App.—El Paso 1989, writ denied) (describing a tort as a civil wrong or breach of duty that the law has imposed independent of contract). That is, to assert a viable cause of action the Meyers must allege that Waco breached a legally cognizable duty imposed upon him via general principles of law as opposed to a contract. Here, three supposed duties can conceivably be inferred from the live pleading. The first concerns Waco's dissipation of property and an alleged duty not to do so, the second, the execution of a new will and an alleged duty not to do so, and the third, the disposition of property inconsistent with the agreement between Mildred and Waco and the duty to forego same.

■ As to the first, and as we previously concluded, executing a contractual will does not per se inhibit the surviving testator from conveying property during his lifetime. It merely restricts his options at his death. Thus, the mere fact that Waco may have entered into such a will did not in and of itself impose upon him a duty to forego dissipating his property while alive. This, coupled with the lack of any other allegation in the pleadings imposing any such duty, compels us to reject the suggestion that Waco's disposition of property inter vivos constituted a breach of any duty giving rise to the aforementioned torts.

■ As to the execution of another will, and as previously discussed, our Supreme Court recognized that a surviving testator may legitimately revoke or change the prior will after the death of a testator. *Magids v. American Title Ins. Co.,* 473 S.W.2d at 464. Since Waco may have lawfully changed his will, he had no duty to forgo same. Thus, changing his will breached no duty upon which a claim of tort could be founded.

■ As to the supposed disposition of property contrary to the terms of the alleged contractual will, the duty to eschew such conduct was contractual. It arose from the terms of the alleged agreement between Mildred and Waco, not from principles of law independent of the alleged contract. Thus, its purported breach constitutes a breach of contract, not a tort. Furthermore, and assuming *arguendo* that the duty could somehow be categorized as

a tort, the duty cannot be breached until the surviving testator dies and disposes of the property then owned in a manner inconsistent with the will. *See Magids v. American Title Ins. Co., supra; Weidner v. Crowther, supra.* This is so because, as addressed above, the duty encompasses or applies to property owned at Waco's death. And, since Waco is purportedly alive (which fact prevents the court from determining what he owned at his death), it cannot be said that 1) he had any property to distribute upon his death or 2) that he distributed such property in a manner inconsistent with the terms of the alleged contractual will.

In sum, the Meyers alleged no viable duty (arising independent of contract) susceptible to breach by the conduct of which they complained. Thus, the trial court did not err in also dismissing their causes sounding in tort.

*c. Declaratory Judgment*

 Lastly, the Meyers also requested a declaratory judgment. The relief sought encompassed, among other things, a declaration regarding the validity and enforceability of the contractual will and the extent of their rights, if any, under it. The trial court dismissed this aspect of the petition as well. In doing so, it erred for several reasons.

First, the validity of a contractual will may be determined pursuant to the Texas Declaratory Judgment Act. *City of Corpus Christi v. Coleman,* 262 S.W.2d 790, 793 (Tex.Civ.App.—San Antonio 1953, no writ) (involving the predecessor to the current declaratory judgment act). This is true even though not all testators have died. *Id.* This, coupled with the allegation that the Meyers were beneficiaries of the will at bar, created in the Meyers a cause of action susceptible to review.

Second, in specially excepting to the first amended petition, Waco did not address those allegations seeking a declaration regarding the enforceability of the will and the beneficiaries' rights thereunder.

Having failed to specially except to those allegations, the trial court could not dismiss them as part of the special exceptions.

Next, in ruling as it did *viz* the declaratory judgment claim, the trial court's error prevented the Meyers from pursuing an available claim. By doing so, it harmed them and the error is reversible.

For the reasons stated above, that part of the order dismissing the Meyers' claim for a declaration of the validity and enforceability of the will and their rights under it is reversed. All other portions of the order is affirmed, and the cause is remanded for further proceedings.